UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LAMONT JONES,     *
        Petitioner     *
            *
    v.     *     CIVIL NO. L-07-2927
            *     CRIM. NO. L-05-0570
UNITED STATES OF AMERICA,     *
        Respondent     *
        *******

## MEMORANDUM

Now pending is pro se petitioner Lamont Jones's motion for relief pursuant to 28 U.S.C. § 2255 (Paper No. 28). Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

For the reasons set forth below, the Court will, by separate Order of even date DISMISS Jones's motion without prejudice; VACATE Jones's judgment of conviction; ENTER a new judgment from which an appeal can be taken; and APPOINT counsel for Jones for the purpose of noting an appeal. The Clerk is DIRECTED to CLOSE the case.

### I. Background

On January 5, 2006, Jones was charged in a 9 count superseding indictment. On June 19, 2006, Jones pled guilty to Count One of the indictment, conspiracy to distribute and possess with intent to distribute over one kilogram of heroin in violation of 21 U.S.C. § 846. In his plea agreement, Jones agreed that the government would adduce evidence at trial that he took part in a drug organization that sold heroin at street level in Baltimore.

1

On October 2, 2006, Jones moved to withdraw his guilty plea, arguing, among other things, that he was actually innocent. The Court rejected this motion and on November 15, 2006, sentenced Jones to 156 months incarceration. Jones filed no appeal.

On October 29, 2007, Jones filed the instant motion to vacate his sentence.[1] Jones argues, among other things, that his counsel, Mr. Kenneth Ravenell, Esq., was ineffective for failing to appeal the Court's denial of his motion to withdraw the guilty plea.

**II.     Discussion**

Jones has procedurally defaulted his claims because he did not appeal his sentence. Thus, to collaterally attack his sentence, Jones must show both cause for and actual prejudice from the default. See Murray v. Carrier, 477 U.S. 478 (1986). Ineffective assistance of counsel is cause for a procedural default. Id. at 488. To show cause, Jones alleges that his counsel failed to take an appeal after Jones requested that he do so. See Paper No. 28, p. 6. In the Fourth Circuit, a criminal defense attorney's "failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

In his plea agreement, Jones waived most of the grounds upon which he could appeal his sentence. He claims, however, that he directed Ravenell to appeal the denial of his motion to withdraw his guilty plea. Jones further claims that Ravenell assured him that he would file the appeal. The Government asserts in its response that Ravenell was unable to determine whether Jones requested that an appeal be filed. Paper No. 211. Resolving whether Jones requested Ravenell to file an appeal would require an evidentiary hearing.

---

[1] The Government filed its response on February 12, 2008. Jones never filed a reply. A reply is not necessary to decide this motion, however.

The protocol by judges of this Court in such cases is to vacate the judgment and enter a new judgment from which an appeal can be taken. This protocol is efficient because it avoids an evidentiary hearing, which frequently requires transporting the defendant from his place of incarceration to Maryland. The protocol also serves the interest of justice by permitting the defendant to exercise his right to take an appeal. Accordingly, this Court shall vacate Jones's judgment of conviction, enter a new judgment from which an appeal can be taken, and appoint counsel for Jones for the purpose of noting an appeal.[2]

Because Jones will have the opportunity to appeal his case, the Court is not ruling on the merits of his § 2255 motion. If Jones's appeal is unsuccessful and his conviction is affirmed, he will have the opportunity to renew his § 2255 motion.

## III. Conclusion

For the foregoing reasons, the Court will, by separate Order of even date, DISMISS Jones's motion without prejudice; VACATE Jones's judgment of conviction; ENTER a new judgment from which an appeal can be taken; and APPOINT counsel for Jones for the purpose of noting an appeal. The Clerk is DIRECTED to CLOSE the case.

Dated this 22th day of April, 2010.

/s/
Benson Everett Legg
United States District Judge

---

[2] In making this ruling, the Court does not find that Ravenell was ineffective for advising Jones to waive his right to take an appeal. To the contrary, Ravenell's advice was sound strategy. By waiving his right to an appeal as part of the plea agreement, Jones received the benefit of a lesser sentence.